J-S68029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAYSON S. MONTANEZ, | : | |
| | : | |
| Appellant | : | No. 279 MDA 2017 |

Appeal from the Order Entered September 26, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000160-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY DUBOW, J.:                **FILED FEBRUARY 12, 2018**

Appellant, Jayson S. Montanez, appeals from the September 26, 2016 Order entered in the Luzerne County Court of Common Pleas denying his pre-trial Petition for Writ of *Habeas Corpus*. After careful review, we quash this appeal.

On February 14, 2017, this Court granted Appellant's December 27, 2016 Petition for Review after concluding that Appellant's due process challenge to the use of hearsay evidence alone to establish a *prima facie* case presented an "extraordinary circumstance" upon which to allow appeal of an interlocutory order. **See** Order Granting Petition for Review, filed 2/14/17; **Commonwealth v. Ricker**, 120 A.3d 349, 354 (Pa. Super. 2015) (holding that exceptional circumstances existed to warrant review of interlocutory appeal of an order denying *habeas* relief on similar grounds because "it present[ed] an important constitutional question regarding whether a

_____
* Retired Senior Judge assigned to the Superior Court.

powerful state governmental entity violates federal and state constitutional principles in allowing a defendant to be restrained of his liberty and bound over for trial based solely on hearsay evidence.").

However, after we granted the Petition for Review, this Court decided *Commonwealth v. McClelland*, 165 A.3d 19 (Pa. Super. 2017), and addressed the very issue upon which we had based our conclusion that "extraordinary circumstances" existed in the instant matter to justify our grant of permission to appeal.[1]

Because *McClelland* is dispositive and binding precedent resolving Appellant's issue, extraordinary circumstances no longer support this Court's ability to review the trial court's interlocutory Order. *See McClelland*, *supra* at 23. Accordingly, the Order from which Appellant has appealed is an unreviewable interlocutory Order and this Appeal must be quashed.

Appeal quashed. Case remanded for further proceedings consistent with *McClelland, supra*. Jurisdiction relinquished.

---

[1] The *McClelland* Court held that an accused's due process rights are not violated by a preliminary hearing at which the Commonwealth presents only hearsay evidence. *Id.* at 32-33.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/12/2018